MEGHAN BLANCO (CBN 238171)
LAW OFFICES OF MEGHAN BLANCO
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
mblanco@meghanblanco.com
Tel: (949) 296-9869
Fax: (949) 606-8988

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 19-CR-161-AB |
| Plaintiff, | |
| vs. | DEFENDANT OLIVA'S SENTENCING POSITION |
| EDWIN OLIVA, | |
| Defendant. | |

Defendant Edwin Oliva, by and through his counsel of record, Meghan Blanco, hereby files the instant sentencing position. Mr. Oliva concurs with the sentencing calculation of the Probation Department and respectfully requests that the Court sentence him to 240-months in custody, to be followed by 10-years of supervised release.

//
//
//

DEFENDANT OLIVA'S SENTENCING POSITION - 1

The instant sentencing position is based on the attached memorandum of points and authorities, the files in this case, and any further argument the Court wishes to hear.

Respectfully submitted,

/s/ Meghan Blanco

_____
MEGHAN BLANCO
Attorney for EDWIN OLIVA

DEFENDANT OLIVA'S SENTENCING POSITION - 2

MEMORANDUM OF POINTS AND AUTHORITY

I.   Introduction

Edwin Oliva appears before this Court having pleaded guilty to providing a lethal dose of fentanyl to victim BM, which resulted in BM's tragic overdose and death. What was supposed to be a night of partying with friends ended in tragedy when Edwin made the terrible decision to provide BM with fentanyl.

The consequences of Edwin's actions are tragic. There is no other word to describe it.  A young woman is dead from fentanyl supplied by Edwin.  The sorrow and the anger that accompanies such a loss is entirely understandable and appropriate.

A serious sanction is warranted in this case, one that reflects the gravity of the offense and its tragic outcome.  But nothing this Court can do, no punishment it can impose, can restore the life that has been lost. Instead, the Court must fashion a sentence that takes into account not only the nature of the crime and the pain it inflicted, but also Edwin's history and characteristics and the goals of punishment.  When weighed against one another, these factors counsel for the sentence recommended by the defense in this case: 20-years imprisonment.

Edwin's actions were ultimately selfish, immature and destructive, but they were not malicious.  He was

DEFENDANT OLIVA'S SENTENCING POSITION - 3

himself high and drunk at the time, and he paid little heed to the damage he was doing—to himself or BM. Edwin looks back at that night with shame, embarrassment, regret and remorse.  And he is prepared to accept the consequences, whatever sentence the Court imposes.

Edwin is devoted to using this opportunity to rehabilitate.  He knows that he can be a better son, brother, and father, and he is willing to do whatever it takes to achieve those goals.  He asks this Court to allow him to demonstrate his commitment to that cause, and to allow him to return to his community in two decades.

II. Sentencing Request

Edwin asks this Court to sentence him to 240 months—20 years—in BOP custody, the mandatory minimum in this case.  That sentence is sufficient to satisfy the goals of sentencing and avoids the unwarranted disparity that a longer sanction would create for an individual who has never been convicted of a single crime before now.

Edwin also requests that the Court make recommendations to the Bureau of Prisons for placement: (1) as close as possible to the Southern District of California, FCI Lompoc, if possible; (2) in the RDAP program; and (3) in a vocational training program.

//

DEFENDANT OLIVA'S SENTENCING POSITION - 4

III. Reasons for request

A. Edwin's Time in Custody

Edwin's arrest pre-dated the onset of the COVID-19 pandemic.  As such, he has lived through the entirety of the pandemic while in custody, enduring the myriad of additional stresses, complications, and deprivations it has created for inmates.  These of course include the constant fear of infection, but also the restrictions on movement, visitation, recreation, and rehabilitation that were the result of mitigation efforts in the jails.  The last nearly three years have been anything but easy.  But Edwin is also making the most he can of the opportunities he has.  While at the MDC he was working, cutting other inmates' hair.  By far the most important way Edwin has made use of his time, though, has been in trying to repair and restore the relationships damaged by his conduct in this case. Edwin has been in regular, sustained, contact with his family and is dedicated to maintaining a relationship with them while he is in custody.

B. Nature and Circumstances of the Offense

The circumstances of the offense are tragic, but they are not malicious as the government describes.  Edwin planned a night of drinking and partying with friends. He and BM consumed excessive alcohol; he consumed marijuana, and BM asked for cocaine – a drug Edwin did

DEFENDANT OLIVA'S SENTENCING POSITION - 5

not have.  Instead, he provided BM with fentanyl, a
drug he had never himself consumed.  She took several
lines and asked for more, which she also consumed.  The
rest of the night is a haze.  Edwin has a vague memory
of engaging in sex with BM, but he does not recall any
details or the fact that he recorded and uploaded video
of it to social media.  He was too intoxicated at the
time to appreciate any of those facts.  He does not
recall what he and BM did during sex or how it ended.
Given the government's allegations regarding
obstruction, Edwin would have certainly attempted to
delete this video had he known it existed.

When he woke up the next morning and saw that BM was
lying next to him, dead, he panicked.  He removed drugs
and a gun from his ***shared*** home and called 911.[1]  He
thereafter consented to a bizarre interview, where he
provided law enforcement with a lengthy account of what
transpired the night before.  Like a scared child too
terrified to tell his parents the truth about what he
had done wrong, he lied.  And he lied bad.  His lies

_____

[1] Edwin admitted to possessing the drugs and
gun and he stands by that admission.  However, Edwin
did not live alone, and the drugs and gun were never
tested for fingerprints.  Nor were the cell site
records for an alleged drug phone compared with the
phone law enforcement seized from Edwin himself.

DEFENDANT OLIVA'S SENTENCING POSITION - 6

were obvious, outlandish, and frankly, unnecessary. Because Edwin was too drunk and high the previous night to remember what transpired, he did not realize that he had documented his time with BM in a series of recordings, texts messages, and telephone calls. The only portion he recalled was the beginning of his time with BM, before the two began drinking excessive amounts of alcohol and consuming drugs. Everything he described from that point forward was pure fantasy.

BM's death is a terrible loss. Edwin never intended for such a thing, but he understands, and accepts responsibility for, his critical role in this tragedy.

B. The Sentencing Guidelines

Edwin agrees with the calculations contained in the PSR.

a. The Need for the Sentence to reflect the seriousness of the offense, promote respect for the law, and promote just punishment

This is, undeniably, a serious offense, and one that resulted in the devastating loss of a young person's life. A serious punishment is appropriate here. Twenty years in a federal prison is such a punishment. It is sufficient to drive home to Edwin the gravity of his actions and to express the community's condemnation of them.

b. To afford adequate deterrence

DEFENDANT OLIVA'S SENTENCING POSITION - 7

As noted, Edwin has never been convicted of any crime before now.  A 20-year sentence, when coupled with a lengthy period of post-incarceration supervision, is more than sufficient to deter him from engaging in similar conduct in the future.

c. To protect the public from further crimes

A 20-year sentence is more than sufficient to adequately protect the public in this case and to have the specific deterrent effect noted above.

d. To avoid unwarranted sentencing disparities

Other cases indicted in this, and neighboring, districts are instructive on the types of sentences typically imposed in these cases.  Those sentences are below what Edwin is permitted to request here.  A non-exhaustive list is provided for the Court's reference:

- *United States v. James Rodriguez*, 18-CR-655-CJC, defendant sentenced to **15-years** imprisonment;
- *United States v. Stephen Andrew Walter*, 19-CR-594-ODW: binding plea to **17-years** imprisonment;
- *United States v. Shane Cratty*, 19-CR-CRB (Northern District of California): defendant sentenced to **96-months** imprisonment;
- *United States v. Michael Steen*, 19-CR-869-GPC (Southern District of California): defendant sentenced to **12 years 4 months** imprisonment;

DEFENDANT OLIVA'S SENTENCING POSITION - 8

- *United States v. Brandon Shepard*, 20-CR-810-BAS (Southern District of California): defendant sentenced to **14-years** imprisonment;

- *United States v. Olatunde James Temitope Akintonde*, 19-CR-1178-JLS (Southern District of California): defendant sentenced to **15-years** imprisonment;

- *United States v. Maya Kol 19-CR-1277-CAB* (Southern District of California): defendant sentenced to **15-years** imprisonment.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

DEFENDANT OLIVA'S SENTENCING POSITION - 9

IV. Conclusion

Edwin will spend a lifetime regretting the actions that bring him before the Court for sentencing.  He knows that he will never be able to repay fully the debt that he owes, and he will always carry with him the knowledge that a young woman died because of him. But he is committed to using his time in prison to make himself a better person.  He respectfully asks the Court to sentence him to two decades in prison.

Respectfully submitted,

/s/ Meghan Blanco

MEGHAN BLANCO
Attorney for defendant
EDWIN OLIVA

DEFENDANT OLIVA'S SENTENCING POSITION - 10